IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BRIGITTE A. LAVARIAS**                                               **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO:** 3:14cv212-MPM-SAA

**BL DEVELOPMENT CORP.**
**d/b/a HARRAH'S TUNICA**                                **DEFENDANT**

                                                            **JURY TRIAL DEMANDED**

**COMPLAINT**

Comes now the Plaintiff, by and through her attorney of record, and files this Complaint against the Defendant and for cause would state the following, to-wit:

**PARTIES**

1. Plaintiff, BRIGITTE A. LAVARIAS (hereinafter "Plaintiff") is an adult citizen of Memphis, Shelby County, Tennessee.

2. Defendant, BL DEVELOPMENT CORP. (hereinafter "Harrah's") upon information and belief, is and was at all times material herein, a foreign corporation incorporated and organized under the laws of the state of Minnesota, whose principal office is located at One Harrah's Court, Las Vegas, Nevada 89119. BL Development may be served through its agent for service of process at Corporation Service Company, 506 S President Street, Jackson, Mississippi 39201. BL Development Corp. operates the business known as Harrah's Casino Tunica located at 3615 Old Highway 61 North, Robinsonville, MS 38664.

1

**JURISDICTION AND VENUE**

3. This is a claim for personal injuries resulting from an incident which occurred in Tunica County, Mississippi.

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the Northern District of Mississippi under 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS:**

6. That on or about the 19th day of July, 2012, Plaintiff was a business invitee at Harrah's whose place of business is located at 3615 Old Highway 61 North, Robinsonville, MS 38664.

7. While playing one of Harrah's slot machines, a large advertising sign or display that was improperly placed on top of her slot machine by Harrah's, fell on Plaintiff—striking her on the left hand/wrist.

8. Upon information and belief, the advertising sign or display in question was placed in an unsecured fashion by Harrah's, so as to allow it to become dislodged and fall with only a minimal amount of movement from playing the slot machine upon which it was placed.

9. Defendant Harrah's (by and through its employees, servants, and/or agents), knew or should have known that placing a sign or display in such a manner on top of a slot machine could reasonably result in its falling and striking a patron such as Plaintiff and causing injury.

10. As a direct and proximate result of the acts of negligence of Defendant and/or its employees, servants or agents, Plaintiff suffered significant injuries, including but not limited to a left scaphoid fracture, that have required ongoing medical treatment.

11. That Defendant was guilty of the following acts of negligence, all of which contributed to and proximately caused Plaintiff's injuries:

a. in failing to adequately warn the Plaintiff of a dangerous condition that existed on the premises;

b. in failing to exercise diligence to keep the premises in reasonably safe condition for the use of business invitees such as the Plaintiff;

c. in failing to exercise reasonable care to prevent injury to the Plaintiff and other customers on the premises;

d. in allowing a condition to exist which created an unreasonable danger to invitees such as the Plaintiff;

e. in failing in its duty to exercise reasonable care to keep the premises in a reasonably safe and suitable condition which includes warning of latent or hidden dangers of which the Defendants knew, or with the exercise of reasonable care, would have known;

f. in failing to properly install/secure/place the sign/display that fell and injured Plaintiff;

g. in other ways to be shown upon completion of discovery in the trial of this case.

12. Plaintiff would show that as a direct and proximate result of the acts of negligence of Defendant and/or its employees, servants, and/or agents as aforesaid, she has suffered in the following particulars:

a. Doctor, hospital, drug and other medical bills related to the injury;

b. pain and suffering;

c. Mental anguish and emotional distress;

d. among other things.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for compensatory damages in excess of the jurisdictional limits of this Court together with interest and costs.

Respectfully submitted this the 29th day of September 2014.

BY:     /s/ Philip A. Stroud
PHILIP A. STROUD (MSBN 99401)
THE STROUD LAW FIRM
5779 Getwell Road, Bldg C, Ste I
Southaven, MS 38672
662.536.5656
662.536.5657 (f)
philip@stroudlawyers.com

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY AS TO ALL COUNTS HEREIN.**

**DEFENDANT MAY BE SERVED AS FOLLOWS**:

BL DEVELOPMENT CORP.
C/O CORPORATION SERVICE COMPANY
506 South President St.
Jackson, MS 39201